# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GEORGE CUIK, and all others similarly
situated under 29 U.S.C 206(B),

    Plaintiff,

v.

WOODGRAIN MILLWORK, INC. a
Idaho corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, George Cuik ("Cuik"), on behalf of himself and all others similarly situated under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendant, Woodgrain Millwork, Inc. ("Woodgrain"), and alleges, as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

2. At all material times, Woodgrain is an Idaho corporation, authorized to conduct and conducting business in Florida.

3. At all material times, Plaintiff is *sui juris* and a resident of Miami-Dade County, Florida.

4. Defendant is an employer within the meaning of the Fair Labor Standards Act ("FLSA")

and Florida common law.

5. Plaintiff is a non-exempt employee within the meaning of the FLSA law and was/is entitled to overtime wages pursuant to the FLSA and Florida common law.

6. Venue is proper because the Plaintiff resides in, is employed in and the allegations that form the basis of this Complaint occurred in Miami-Dade County, Florida.

7. This action is brought by Plaintiff to recover from Woodgrain unpaid overtime wages, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

## GENERAL ALLEGATIONS

8. Upon information and belief, Woodgrain is the FLSA employer for Plaintiff's employment.

9. Upon information and belief, the annual gross revenue of Woodgrain is/was at all material times in excess of $500,000.00 per annum.

10. At all material times, Woodgrain was and continues to be an enterprise engaged in interstate commerce.

11. At all material times hereto, Woodgrain operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

12. As a result of the services provided by Woodgrain, two or more of its employees

regularly handled and worked with goods and materials moved in or produced in interstate commerce.

13. By reason of the foregoing, Woodgrain is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

14. Plaintiff and those similarly situated employees regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce.

15. Plaintiff was employed by Millwork as a non-exempt field service representative, approximately from 1998 through the present ("relevant time period").

16. Throughout his employment with Woodgrain, Plaintiff worked in excess of forty (40) hours per week for Woodgrain.

17. Notwithstanding, Woodgrain willfully and intentionally failed/refused to pay to Plaintiff the required overtime rate of time and one half, as required by the FLSA.

18. Woodgrain knew of the overtime requirements of the FLSA and intentionally failed to investigate whether their payroll practices were in accordance with the Fair Labor Standards Act.

19. As a result, Plaintiff has suffered damages and is entitled to receive his lost wages, including his overtime compensation.

20. Plaintiff has complied with all conditions precedent to filing this action.

21. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

**PRE-SUIT DEMAND**

22. On February 3, 2017, Plaintiff through the undersigned counsel, sent to the Defendant a

written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting Employer pay the amounts owed to Plaintiff, but Employer failed/refused to do so or respond to same ("Demand"). A copy of the Demand is attached as "**Exhibit A**".

## COUNT I - <br> VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA

23. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-three (23) above.

24. This case is brought by Plaintiff, on behalf of himself and all others similarly situated, as a collective action against Woodgrain for overtime compensation pursuant to 29 U.S.C. § 216(B).

25. Upon information and belief, Woodgrain has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been properly paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

26. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

27. 29 U.S.C. § 207 (a)(1) states "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty (40) at the rate of at least one and one half times the employee's regular rate…"

28. Woodgrain's business activities involve those to which the FLSA applies. Both the Defendant's business and the Plaintiff's work for Defendant affected interstate commerce for the relevant time period. Plaintiff's work for Woodgrain affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by Woodgrain to use on the job moved through

4

interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the FLSA applies to Plaintiff's work for Woodgrain.

29. Additionally, Woodgrain regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, thus making Defendant's business an enterprise covered under the FLSA.

30. Upon information and belief, Woodgrain had gross sales or business done in excess of $500,000.00 annually for the relevant time period.

31. Upon information and belief, Woodgrain's gross sales or business is expected to exceed $500,000.00 for the year 2017.

32. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

33. Plaintiff routinely worked in excess of forty (40) hours per week for Woodgrain throughout the relevant time period.

34. Woodgrain knew or should have known that Plaintiff suffered or was permitted to work overtime for Woodgrain as defined in 29 U.S.C. § 203 (g).

35. Woodgrain failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

36. At all material times, Woodgrain knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

37. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, George Cuik respectfully requests that judgment be entered in his favor against Defendant, Woodgrain Millwork, Inc., as follows:

(a) Declaring pursuant to 28 U.S.C §2201 and §2202, that the acts and practices of the Defendant complained of herein are in violation of the overtime wage provisions of the FLSA;

(b) Permanently enjoining the Defendant, their agents, officers and employees from engaging in all practices found by this court to be in violation of the overtime wage provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendant, for lost and withheld compensation, and overtime compensation for all hours that he worked for Defendant over forty (40) hours per week, but for which he was not compensated at the required overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and Section 448.08, of the Florida Statutes.

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 17th day of March, 2017.

                                                                  By: /s/ Monica Espino
                                                                   Florida Bar No. 834491

                                                                   ESPINO LAW
                                                                   Attorney for Plaintiff
                                                                   2250 SW 3rd Avenue, 4th Floor
                                                                   Miami, Florida 33129
                                                                   Telephone:    (305) 704-3172
                                                                   Facsimile:     (305) 722-7378
                                                                   E-mail:    me@espino-law.com