UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-21003-CIV-ALTONAGA/O'Sullivan
CONSENT CASE

GEORGE CUIK, and all others similarly
situated under 29 U.S.C. 206(B),

    Plaintiff,

v.

WOODGRAIN MILLWORK, INC., a
Idaho Corporation,

    Defendant.
_____/

### JOINT MOTION FOR DISMISSAL WITH PREJUDICE AND APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENT VIA A TELEPHONIC FAIRNESS HEARING

PLAINTIFF GEORGE CUIK and DEFENDANT WOODGRAIN MILLWORK, INC. (the "parties"), pursuant to Fed.R.Civ.P. 41(a)(1)(ii), hereby jointly stipulate to the dismissal of this action, with prejudice, and respectfully request Court approval of the parties' confidential settlement after a telephonic fairness hearing. In support of their motion, the parties jointly state as follows:

    1.    This is a matter involves a claim for alleged unpaid overtime under the Fair Labor Standards Act (the "FLSA"). *See* Plaintiff's First Amended Complaint at ECF No. 31.

    2.    The parties resolved their dispute, which included other putative claims arising from Plaintiff's employment with Defendant, during a private mediation on September 20, 2017.

    3.    The confidentiality of the terms of the parties' settlement agreement is an integral part of the Parties' Agreement.

4. Generally, in order for a release and waiver of claims agreement to be considered effective under the FLSA, it needs to be approved by a Court or supervised by the U.S. Department of Labor. *See Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."). *See also Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009).

5. Insofar as the Confidential Settlement Agreement resolved claims separate and apart from the Plaintiff's FLSA claims, and includes a confidentiality provision, the parties respectfully request that the Court set a telephonic fairness hearing in order to determine whether the settlement is a fair and reasonable resolution of Plaintiff's FLSA claim and consented to the jurisdiction of the Magistrate Judge for this reason.

WHEREFORE, for all the foregoing reasons, the parties respectfully request that the Court schedule a fairness hearing and, once the Court has determined that the settlement is a fair and reasonable resolution of a bona fide dispute, dismiss this matter with prejudice.

Dated this 25th day of September, 2017

Respectfully submitted,

| | |
|---|---|
| **ESPINO LAW**<br>2250 sw 3RD Ave., 4th Floor<br>Miami, FL 33129<br>Telephone:  305.704-3172<br>Facsimile:  305. 722.7378<br><br>By: */s/ Monica Espino*<br>Monica Espino<br>Florida Bar No. 834491<br>E-mail:me@espino-law.com<br><br>*Attorney for Plaintiff,* | **LITTLER MENDELSON, P.C.**<br>Wells Fargo Center<br>333 SE 2nd Avenue, Suite 2700<br>Miami, FL 33131<br>Telephone: 305.400.7500<br>Facsimile: 305.603.2552<br><br>By: */s/ Jessica Travers*<br>Jessica T. Travers<br>Florida Bar No. 18129<br>E-mail: jtravers@littler.com<br>*Grissel Seijo*<br>Florida Bar No. 087594<br>E-mail: gseijo@littler.com<br>*Counsel for Defendant(s)* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of September, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se identified on the attached Service List in the matter specified either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BY:    /s/ *Jessica T. Travers*
Jessica T. Travers, Esq.

**Service List**

*COUNSEL FOR DEFENDANT*
Monica Espino, Esq.
Florida Bar No. 834491
Email: me@espino-law.com
ESPINO LAW
2250 SW 3rd Ave., 4th Floor
Miami, Florida 33129
Telephone: (305) 704-3172
E-mail: (305) 722-7378

*COUNSEL FOR PLAINTIFF*
Jessica T. Travers, Esq.
Florida Bar No. 018129
Email:  jtravers@littler.com
Secondary E-mail: prmahoney@littler.com
Grissel Seijo, Esq.
Florida Bar No. 087594
Email: gseijo@littler.com
Secondary E-mail: prmahoney@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

*COUNSEL FOR DEFENDANT*

Firmwide:150176118.1 093046.1001